[No. B034510. Second Dist., Div. One. July 12, 1988.]

JUELANN CATHEY et al., Petitioners, v.
CHARLES WEISSBURD, as Registrar/Recorder, etc., Respondent;
BARRY J. GLANELL et al., Real Parties in Interest.

**COUNSEL**

Pillsbury, Madison & Sutro, F. John Nyhan and Jordan L. Lurie for Petitioners.

DeWitt W. Clinton, County Counsel, and Philip H. Hickok, Principal County Counsel, for Respondent.

Barry J. Glanell and R. Thomas Wire, in pro. per., for Real Parties in Interest.

## OPINION

**THE COURT.**\*—The petition for a writ of mandate or other extraordinary relief, filed May 12, 1988; the opposition of real party Barry J. Glanell, filed May 19, 1988; the opposition of respondent, filed May 19, 1988; petitioners' reply, filed May 20, 1988; the response of real party R. Thomas Wire, filed May 31, 1988; the response of real party Barry J. Glanell, filed June 9, 1988; and the response of respondent, filed June 13, 1988, have been read and considered.

### FACTS

In an original proceeding before this court, petitioners, candidates for two municipal court offices in the June 7, 1988, primary election, requested that this court order respondent Registrar/Recorder of the County of Los Angeles (Registrar) to save, count, report and certify the results of the scheduled election of June 7, 1988, for Judge of the Municipal Court, Los Angeles Judicial District, Office No. 4 and Office No. 6.

Petitioner Juelann Cathey and real parties in interest R. Thomas Wire and Barry J. Glanell are candidates for Office No. 4 for Judge of the Municipal Court of the Los Angeles Judicial District; petitioners Robert Zakon and John Gunn are candidates for Office No. 6 for Judge of the Municipal Court of the Los Angeles Judicial District. Petitioners Gunn and Zakon each paid $21,000 to the Registrar to have candidate's statements printed and mailed to registered voters in the Los Angeles Judicial District.

The incumbent of Office No. 4, Judge Harold J. Sinclair, retired effective April 29, 1988; and the incumbent of Office No. 6, Judge James E. Satt, retired effective March 31, 1988. The Registrar informed the candidates by letter that, since each of the offices was vacated between the last day to file nomination documents and the primary election date of June 7, 1988, the election for these offices was to be postponed until the general election on November 8, 1988, pursuant to Government Code section 71180, subdivision (b).[1] While the names of the candidates would appear on the sample

---

\* Before Spencer, P. J., Hanson, J., and Ortega, J.

[1] Government Code section 71180, subdivision (b), provides: "If a vacancy in the office of judge of a municipal court occurs between the last day candidacy declaration papers may be filed and the June direct primary election and that vacancy occurs because of the appointment of the incumbent judge to another office by the Governor, or because the incumbent has resigned, retired, died, or been removed from office in accordance with subdivision (b) or (c) of Section 18 of Article VI of the California Constitution, and if one or more qualified persons other than the incumbent have filed candidacy declaration papers for the office, no va-

and official ballots, and the votes would be counted, the votes would not be reported nor certified. The candidates would be required to refile nomination documents between July 18 and August 12, 1988, for the November general election, but no additional filing fees would be required. Petitioners Gunn and Zakon were further informed that the fee of $21,000 for the candidate's statement would not be refunded, there being no statutory basis for so doing.

Upon receipt of the Registrar's letter, real party Glanell canceled his orders for "flyers/circulars," canceled appearances at functions at which he intended to promote his candidacy and informed his supporters that the June votes would not be certified and that the judicial race would occur in the November general election.

Both prior to and after receipt of the Registrar's letter, petitioners incurred various expenses to promote their candidacy. According to their declarations, these expenses have been substantial. Petitioner Zakon further stated that he discounted the Registrar's letter and continued to expend funds in furtherance of his campaign. A significant number of supporters volunteered substantial time to petitioner Cathey's campaign.

### DISCUSSION

■ Petitioners challenge the constitutionality of Government Code section 71180, subdivision (b). Petitioners contend, first, that the November election provision of section 71180, subdivision (b), is unconstitutional on its face in that it applies only to municipal court elections in violation of the equal protection clause. This contention is without merit. The California

cancy shall be deemed to exist for purposes of subdivision (a) and the election for the office of judge shall be postponed until the next November statewide election. If the Governor appoints the incumbent judge to another office within 59 days of the June direct primary election, and, as a result, the elections officer does not have sufficient time to remove the candidates' names from the ballot, the June direct primary election for the office shall not be deemed to have been held. At the next November statewide election, the candidate who receives the most votes shall be elected. [¶] In order for a person's name to appear on the ballot at the next November statewide election the person shall file candidacy declaration papers and nomination papers in accordance with the provisions of Article 4 (commencing with Section 6489) of Chapter 5 of Division 6 of the Elections Code. No previously filed papers shall satisfy the requirements of this subdivision. Qualified persons who did not file nomination papers for the June direct primary election, as well as qualified persons who filed nomination papers for the June direct primary election, shall be permitted to file candidacy papers for the November statewide election. [¶] Persons who had previously paid the filing fee at the time of filing nomination papers for the June direct primary election shall not be required to pay a filing fee for the November statewide election."

Constitution, article VI, section 16, subdivision (b), provides for the election of superior court judges and municipal court judges, who "shall be elected in their counties for districts at general elections." Article VI section 16, subdivision (c), provides for the election of superior court judges and for the filling of vacancies in the offices of superior court judges. No specific provisions are made in the Constitution for municipal court judges; election of municipal court judges and the filling of municipal court vacancies is governed, instead, by the Government Code. Article VI, section 16, subdivision (d), of the Constitution allows the electors of a county to determine whether the system of electing Supreme Court and appellate court justices should be applicable to judges of the superior court. Again, the Constitution is silent regarding municipal court judges. It is clear that the superior court and municipal court are separate and distinct and it does not violate the state Constitution to treat these courts differently.

■ Petitioners' next contention that Government Code section 71180, subdivision (b), is unconstitutional as applied is without merit. The Constitution does not require election by majority vote. It should be noted that Elections Code section 54 provides that a plurality of votes in any election is sufficient to choose the officeholder unless otherwise directed in the Constitution. That some municipal court judges are elected by plurality and some by majority is justified by a compelling government interest to preclude a retiring judge from surreptitiously effecting that judge's replacement. (See *Barton* v. *Panish* (1976) 18 Cal.3d 624, 630 [135 Cal.Rptr. 65, 557 P.2d 497].)[2]

■ Contrary to petitioners' next contention, subdivision (b) of Government Code section 71180 is clear and unambiguous. It is apparent that the Legislature has acted to prohibit a retiring judge from influencing the election to fill the vacancy created when that judge leaves office after the time to file candidacy papers for the June primary election has expired.

The voters are not deprived of the opportunity to vote, but will have the same opportunity to vote for petitioners and real parties to fill these two offices in the November general election; as intended by the section, the voters may have the opportunity to choose among more than these candidates in that other qualified candidates may file for these offices. Moreover,

---

[2] In *Barton* v. *Panish,* the Supreme Court reviewed that portion of Government Code section 71180 that allows a municipal court judge appointed by the Governor to fill a vacancy to remain in office after the next election if the vacancy occurred less than 10 months prior to the next election; the Supreme Court determined that a valid public purpose was served in allowing some judges to be appointed by the Governor and some to be elected.

any possible impact on the right to vote is justified by the prevention of undue influence or taint in the election process. (See *Barton* v. *Panish, supra,* 18 Cal.3d 624, 629.)[3]

■ Petitioners have pointed out in their declarations that, in addition to the cost of filing fees, they have incurred substantial expenses, including the cost of the candidate's statements. While it appears the Legislature did not anticipate fully the instant circumstances that have caused petitioners to have suffered monetary losses, it sought to relieve an obvious hardship by providing for a waiver of the filing fee for the November election for candidates who filed nomination papers for the June primary. (Gov. Code, § 71180.) This waiver evidences an intent on the part of the Legislature to avoid penalizing candidates in petitioners' position. It follows that, in due course, the Legislature might well reduce further the burden to a candidate who, like petitioners, has paid for a candidate's statement for the June primary and is facing the very heavy expense of paying for another candidate's statement for the November general election. (See Elec. Code, §§ 10012, 10012.3, 10012.5.) However, we take judicial notice that, as the Legislature, under its rules, will not entertain new legislation prior to its next session, which commences in December, there is no opportunity for it to alleviate petitioners' financial burden relative to the cost of the candidate's statements. Therefore, we invite petitioners to seek relief from the Los Angeles County Board of Supervisors (Elec. Code, § 10012)[4] regarding the county's charge for candidate's statements for the general election as it appears that, at the very least, the expense to the county for duplicating the candidate's statements that were previously printed for the June primary election would be substantially less than the original cost.

---

[3] In *Barton* v. *Panish,* at pages 629-630, the Supreme Court determined that there was no constitutional abridgement of the right to vote when voters were not afforded the opportunity to vote to fill a municipal court vacancy when that vacancy was filled less than 10 months prior to the next election by a judge appointed by the Governor. The court concluded, at page 630, that, where there is a combined system of appointments and elections, "it is apparent that arbitrary lines must be drawn determining whether the elective or the appointive system will prevail. The drawing of such lines does not result in denial of the right to vote." In the *Barton* situation, voters do not vote for a municipal court office because the vacancy is already filled by an appointee. Here, in contrast, the voters will have the opportunity at the general election to fill the vacancy.

[4] Elections Code section 10012 provides, in pertinent part: "For purposes of this section [governing candidate's statements], and section 10012.5 [regarding whether section 10012 is applicable to a given election], the board of supervisors shall be deemed the governing body of judicial elections."

The petition is denied. This decision is final as to this court. (Cal. Rules of Court, rule 24(a).)